47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gys Jansen VAN BEEK Plaintiff-Appellant,
v.
UNITED STATES of America; Farmers Home Administration;
Commodity Credit Corporation, Defendants-Appellees.
 No. 94-35104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1995.*
Decided Feb. 13, 1995.
 
 Before: WRIGHT, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gys Jensen Van Beek and his family (Van Beek) owned a dairy farm in Idaho that went into foreclosure in 1984. The United States, acting through the Farmers Home Administration (FmHA), purchased the farm at the foreclosure sale. In the following years, Van Beek attempted to take advantage of the "leaseback/buyback" program the FmHA operates. In 1991, however, the FmHA made its final determination that Van Beek was ineligible to repurchase the farm. Van Beek nevertheless remained on the farm and brought an action in the district court for the District of Idaho, seeking to enjoin his eviction pending the resolution of a dispute he was having with the Small Business Administration regarding a separate loan.[1] The United States counterclaimed for a decree of quiet title[2] and moved for summary judgment. The district court granted the United States' motion and, for the reasons that follow, we affirm.[3]
 
 I.
 
 3
 FmHA provides loans to farm purchasers. If the owner/borrower should default on the loan, the FmHA will purchase the farm at the foreclosure sale. Pursuant to the terms of the leaseback/buyback program, however, the FmHA allows the previous owner to remain on the farm pursuant to a lease.[4] Such lease will include a provision granting the previous owner first priority to repurchase the farm. 7 C.F.R. Sec. 1951.911(b)(8); United States v. Rode Corp., 996 F.2d 174, 175 (7th Cir.1993).
 
 
 4
 The regulations implementing this program appear at 7 C.F.R. Sec. 1951.911. These regulations provide that notice must be sent to the previous owner describing the program. 7 C.F.R. Sec. 1951.911(a)(1). They establish the priority for deciding who can take advantage of the protections of the program should the previous owner choose not to participate. 7 C.F.R. Sec. 1951.911(a)(2). Of particular importance to this appeal, the regulations also establish criteria for eligibility, 7 C.F.R. Sec. 1951.911(a)(4), and the procedures for appeal from a determination of ineligibility. 7 C.F.R. Sec. 1951.911(a)(8)(vi).
 
 
 5
 In the instant case, Van Beek does not dispute that FmHA has title to the farm. Appellant's Br. at 4. Moreover, he admits that he has no current lease that would allow him to remain on the property. Id. at 5. Nonetheless, he argues on appeal that the district court should not have granted summary judgment in favor of the United Staes because "genuine issues of fact exist as to whether Van Beek was afforded his full protection under the regulations existing to protect him." Id. at 2. His theory, we assume, is that, had FmHA treated him fairly, he would by now have repurchased the farm, or have a lease allowing him to remain on the farm.
 
 
 6
 We interpret this argument as a challenge under the Administrative Procedures Act to the actions of FmHA in its dealings with Van Beek.[5] Thus, we conduct a de novo review to determine whether the district court record reveals any genuine issues of fact that would preclude our ruling that FmHA's final determination was in fact proper, and that the United States was therefore entitled to quiet title as a matter of law. This review requires a brief summary of the events leading to the agency's final determination.
 
 II.
 
 7
 After FmHA purchased the farm in 1984, it granted Van Beek extensions to cure the default before finally recording the deed in 1986. FmHA then informed Van Beek of his rights under the dwelling retention program, but ultimately determined that he was ineligible for the program because he had lost the farm through foreclosure. See 7 C.F.R. Sec. 1951.911(b) (homestead protection program available to "borrowers," defined by 7 C.F.R. Sec. 1951.906 to exclude debtors whose loans have been foreclosed).
 
 
 8
 In April 1986, FmHA notified Van Beek of his right to lease the property. Van Beek did not actually enter into a lease until almost one year later. This lease, signed April 3, 1987, stated that breach of the lease agreement would waive any right to participate in the leaseback/buyback program. ER at 172.
 
 
 9
 By November 1988, Van Beek had become delinquent by almost $4000 on the lease. Nevertheless, FmHA the following year gave Van Beek an opportunity to apply to repurchase the farm. The application was due December 20, 1989; Van Beek submitted his application December 22.
 
 
 10
 The County Supervisor accepted the late application but denied it on its merits. An appeals hearing officer overturned this decision; Van Beek supplemented his application; the district director of FmHA again denied the application; and an appeals hearing officer affirmed this second denial.
 
 
 11
 Van Beek then requested review by the National Appeals Staff of the Farmers Home Administration. The Appeals Staff issued a written opinion, which constitutes the agency's final determination. It concluded that Van Beek's plan "lacked feasibility by $304,931" due to various judgments, liens, and debts. The Appeals Staff also found that Van Beek had wrongly estimated that he would have no labor costs, even though labor expenses in prior years had been as high as $15,385. It found that Van Beek intended to subdivide and sell the property in violation of 7 C.F.R. Sec. 1951.911(a)(8)(i). Finally, it found that the outstanding judgment on the property rendered it inadequate as security for the loan.
 
 
 12
 FmHA mailed Van Beek a letter of eviction December 16, 1991. Van Beek filed his complaint May 18, 1992. The district court entered judgment December 28, 1993. The United States has sold the farm and evicted Van Beek.
 
 III.
 
 13
 Van Beek has raised no triable issues regarding the propriety of the final agency determination. FmHA determined that Van Beek was not eligible to repurchase the farm for several reasons. Each reason is supported both by the record and by relevant regulations: (1) lack of repayment ability, 7 C.F.R. Sec. 1951.906(2); (2) incorrect projection of labor costs, 7 C.F.R. Sec. 1924.57(d)(1); (3) unauthorized intent to sell part of farm, 7 C.F.R. Sec. 1951.911(a)(8)(i); (4) outstanding judgment lien that exceeded the value of the farm, 7 C.F.R. Sec. 1943.24(k).
 
 
 14
 Van Beek argues that the denial of his application was an act of "retaliation" for his having sought investigation of a separate loan he obtained from the SBA. Appellant's Br. at 10. He cites nothing in the record supporting this assertion. We therefore decline to address it.
 
 
 15
 He argues that there is no evidence in the record that "he was given notification of his protective rights pursuant to the regulations." Id. at 11. The record, however, reveals a near constant stream of correspondences from FmHA to Van Beek, including a letter sent October 19, 1989, notifying Van Beek of the opportunity to participate in the program, notwithstanding that Van Beek's breach of his lease had discharged FmHA of the obligation to afford him that opportunity. See ER at 181-82 (affidavit of Stephen Colgrove). There is no triable issue regarding whether FmHA notified Van Beek of his "protective rights."
 
 
 16
 Finally, Van Beek asserts that the doctrines of waiver and quasi estoppel make summary judgment for the United States inappropriate: "[T]he government has taken very inconsistent positions to the detriment of the plaintiff relative to the effect of the SBA loan and the liens placed against the subject property." Appellant's Br. at 14. Van Beek apparently thinks that the SBA should not have made the loan to Cassell, which Van Beek then assumed when he purchased the separate property not at issue in this litigation. His theory is that, because the government "did not fully and fairly investigate the matter of SBA['s] granting that loan," the government should somehow be estopped from denying his application to repurchase the property at issue in the instant litigation.
 
 
 17
 This argument is utterly without merit. Van Beek's dispute with the SBA has no relevance to this appeal, except in that the judgment lien resulting from that dispute--which exceeds the value of the farm--was one of the many reasons FmHA denied Van Beek's application to repurchase the farm. Moreover, the fact that FmHA made efforts to resolve the instant dispute through measures shy of seeking an order of quiet title and eviction does not estop it from doing so now. Van Beek has occupied this farm for over ten years since he lost it in foreclosure. He has paid rent only sporadically. It is unthinkable that equity would prevent FmHA from quieting title in itself in such circumstances.
 
 IV.
 
 18
 The United States seeks fees on appeal, which we decline to award. We agree that the appeal is frivolous and impose damages of $1500.00 under Fed.R.App.P. 38 on appellant and his counsel payable to appellee. Not only is the appeal frivolous, but Van Beek's brief is lacking in any citations to the record (Fed.R.App.P. 28(a)(5)), a statement of subject matter, appellate jurisdiction, or the applicable standard of review (Fed.R.App.P. 28(a)).
 
 
 19
 Appellant is ordered to submit a letter brief of no more than five pages within fourteen days of the filing of this memorandum disposition explaining why the Court should not impose the $1500.00 damages pursuant to Fed.R.App.P. 38.
 
 V.
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although not evidenced by the record, Van Beek claims in his brief to have purchased a separate farm from William Cassell. As a part of the contract of sale, Van Beek agreed to assume the obligations of a "disaster" loan the SBA made to Cassell. When Van Beek tried to resell this property, he learned that the SBA loan was nonassumable and the sale fell through. Van Beek defaulted and the SBA purchased the property and filed a judgment lien against the farm that is the subject of this litigation. Van Beek filed a claim against the SBA claiming tortious conduct without first filing an administrative claim, and this court in an unpublished disposition affirmed the dismissal of the suit for lack of jurisdiction. Van Beek v. United States, 1994 U.S.App. LEXIS 6846 (9th Cir. March 23, 1994)
 
 
 [2]
 See Idaho Code Sec. 6-401
 
 
 [3]
 The district court had jurisdiction over the complaint under 28 U.S.C. Sec. 1346(a)(2) and over the counterclaim under 28 U.S.C. Sec. 1346(c). This court has jurisdiction under 28 U.S.C. Sec. 1291
 
 
 [4]
 The relevant statutory language provides:
 (A)(i) During the 180-day period beginning on the date of acquisition, or during the applicable period under State law, the Secretary shall allow the borrower-owner ... to purchase or lease such property....
 * * *
 (B) Any purchase or lease under subparagraph (A) shall be on such terms and conditions as are established in regulations promulgated by the Secretary.
 7 U.S.C. Sec. 1985(e)(1).
 
 
 [5]
 Although Van Beek does not frame his argument as a challenge under the Administrative Procedures Act, his brief could be read as claiming that the final determination of ineligibility was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. Sec. 706(2)(A), or that the determination was made "without observance of procedure required by law." 5 U.S.C. Sec. 706(2)(D)